IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Tiffany Andrews,<br><br>    Plaintiff,<br><br>v.<br><br>City of Myrtle Beach, Jonathan Simons, in his individual capacity, and Kelvin Waites, in his individual capacity<br><br>    Defendant. | C/V No.:<br><br><br>COMPLAINT |

## INTRODUCTION

Plaintiff Tiffany Andrews ("Plaintiff"), by and through her undersigned counsel, hereby asserts the following Causes of Action for Sex discrimination in violation of Title VII of Civil Rights Act of 1964, Breach of Contract, and Conspiracy against Defendants, City of Myrtle Beach, Jonathan Simons, in his individual capacity, and Kelvin Waites, in his individual capacity

## ADMINISTRATIVE CHARGE

1. Plaintiff has exhausted all administrative remedies and prerequisites to filing this lawsuit, including timeliness, deferral, and all other jurisdictional requirements necessary for the maintenance of this Action, as described below:

    a. Plaintiff timely filed a Charge with the Equal Employment Opportunity Commission ("EEOC") on November 29, 2023.

    b. Plaintiff received her Notice of Right to Sue from the EEOC on December 21, 2023.

    c. Plaintiff has timely filed this Action within ninety (90) days of receiving her Notice of Right to Sue as described in Paragraph 1(b).

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1343 and 42 U.S.C. Section 2000e (5), this being a proceeding to enforce rights and remedies secured under 42 U.S.C. Section 2000(e) et. seq. (Title VII of the Civil Rights Act of 1964 ("Title VII")) and other Federal statutes. This Court also has pendant and supplementary jurisdiction over so much of this action is based on State law.

3. Venue is proper in the Florence Division, because the Causes of Action arose therein, the acts and practices complained of occurred there, and it is where Defendants do business and may be found.

## PARTIES

4. Plaintiff Tiffany Andrews is a fifty-year-old, black, female citizen of the State of South Carolina and resides in Horry County.

5. Defendant City of Myrtle Beach is a city municipality of the State of South Carolina, having agents, employees, offices, or properties in Horry County, South Carolina. At all times relevant to this Complaint, the city was acting by and through its agents, servants, employees, and/or officers.

## STATEMENT OF FACTS

6. From October 31, 2003, Plaintiff worked for the City of Myrtle Beach as a Sales and Marketing Administrator. The Plaintiff's supervisor is Brian Monroe, a Caucasian male.

7. Plaintiff contends that since her employment, her job performance has been exemplary.

8. On or around July 3, 2023, after nearly 20 years of working for the City of Myrtle Beach, Plaintiff applied for the position of Diversity, Equity, and Inclusion Officer through the approved application procedures.

9. Plaintiff learned the opening was posted on the Defendant's website along with the application.
10. Plaintiff was successful throughout the application process and was placed among the top candidates for the position.
11. Plaintiff was under the impression that her qualifications and candidacy placed her in a strong position to be hired for the job of Diversity, Equity, and Inclusion Officer.
12. The position of Diversity, Equity, and Inclusion Officer was previously occupied by Kelvin Waites, a black male, who resigned from his position on or around June 28, 2023.
13. Plaintiff was made aware of this information on or around the end of June through the beginning of July because an interview process was made apparent, which only occurs when there is a new position open or a replacement needed for a position according to the Defendant's policy and procedures.
14. Pursuant to the recruiting process stated above, the Defendant launched a new position job posting.
15. Plaintiff was successful in reaching the last stage of the interview process for the job of Diversity, Equity, and Inclusion Officer.
16. On or around September 28, 2023, after Plaintiff completed interviews, Plaintiff received an email from Jonathan Simons asking Plaintiff to meet with him.
17. During this meeting on or around September 28, 2023, Mr. Simons informed Plaintiff that Kelvin Waites had been rehired by him for the job of Diversity, Equity, and Inclusion Officer and would begin his rehired position effective October 16, 2023. Upon belief, Mr. Waites did not undergo any hiring procedures.
18. Plaintiff was not only shocked, but left the meeting on September 28, 2023, disgusted, distressed, and dismayed that the decision had been made to bring a former male employee back to fulfill the job of Diversity, Equity, and Inclusion Officer circumventing the city's hiring process.
19. On October 2, 2023, the Defendant, Jonathan Simons, sent out an email to all employees that Kelvin Waites was reinstated as the Diversity, Equity, and Inclusions Officer.
20. Plaintiff felt embarrassed and victimized based on her Sex and felt that she had been eliminated as a contender for the job of Diversity, Equity, and Inclusion Officer based on her sex.

21. Plaintiff felt that she was not considered for the job opportunity in favor of a resigned, male external candidate, who never complied with the appropriate application procedures and rehire policy.
22. Therefore, Plaintiff contends that she has been discriminated against.

## FIRST CAUSE OF ACTION

SEX DISCRIMINATION PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

23. The Plaintiff reiterates and every allegation contained in the preceding paragraphs is as if set forth verbatim herein.
24. Plaintiff asserts that the job of Diversity, Equity, and Inclusion Officer being reinstated to Kelvin Waites was a mere pretext for the discrimination against Plaintiff based on her Sex.
25. Defendant was wanton, reckless, and intentional in its discrimination against Plaintiff in rehiring Kelvin Waites (BM) over Plaintiff based upon her sex.
26. In failing to protect Plaintiff from Sex discrimination, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of Civil Rights Act of 1964, as amended.
27. Defendant violated Title VII of Civil Rights Act of 1964, by allowing sex discrimination, to exist in the workplace.
28. As a direct and proximate result of Defendant's discrimination on the basis of Sex, Plaintiff has suffered a loss of wages, benefits, and employment opportunities.
29. Defendant's employment discrimination of Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.
30. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of the employment discrimination as alleged above.
31. Due to the acts of Defendant, its agents, and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## SECOND CAUSE OF ACTION

### BREACH OF CONTRACT AS TO DEFENDANT CITY OF MYRTLE BEACH

32. The Plaintiff reiterates each and every allegation contained in the preceding paragraphs as if set forth verbatim herein.
33. Plaintiff and Defendant entered into a binding and valid contract whereby Defendant offered Plaintiff employment. Plaintiff accepted the offer of employment and agreed to fulfill the duties of her positions in exchange for valuable consideration, her salary, and Defendant's guarantee that she would be protected from discrimination.
34. Defendant maintains an employment handbook and its own mandatory policies and procedures.
35. At all times during the course of her employment, Plaintiff relied on the promises contained in Defendant's handbook, policies and procedures, and governing documents.
36. Defendant breached its employment contract with Plaintiff and its own policies and procedures by failing to protect Plaintiff from Discrimination on the basis of Sex

## THIRD CAUSE OF ACTION

### CIVIL CONSPIRACY AS TO DEFENDANTS JONATHON SIMONS AND KELVIN WAITES

37. Plaintiff reiterates each and every allegation contained in the proceeding paragraphs as if set forth verbatim herein.
38. Between June 28, 2023 and September 28, 2023, the Defendants planned and conspired with each other to circumvent Defendant Myrtle Beach's procedural policies regarding hiring and job postings.
39. Defendant Jonathon Simons exceeded the scope of his employment by abusing his supervisory capacity to cause embarrassment, anxiety, and emotional distress to Plaintiff, which was both foreseeable and preventable had Defendant Myrtle Beach adequately supervised Simons.
40. Defendant Simons enlisted the help of Defendant Waites to obstruct Plaintiff in the hiring process and deny her an opportunity for the listed job posting. Defendant Waites involvement through word-of-mouth recruiting furthered the conspiracy.

41. The natural consequence of Defendant Simons and Defendant Waites combined actions caused special damages to Plaintiff apart from any other damages placed herein. Specifically, the acts in the furtherance of this conspiracy as alleged have and will continue to cause Plaintiff special damages for pecuniary loses, embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and further non-pecuniary losses.

42. Accordingly, due to the acts of Defendant and its agents, Plaintiff is entitled to injunctive relief and civil damages from the Defendants Simons and Waites.

## JURY TRIAL REQUESTED

43. Plaintiff requests a jury trial.

## DEMAND AND PRAYER FOR RELIEF

44. Plaintiff reiterates each and every allegation contained in the proceeding paragraphs as if set forth verbatim herein.

45. **WHEREFORE**, the Plaintiff prays that her Honorable Court declare that the Defendants' actions complained herein violated the rights guaranteed to the Plaintiff and issues its judgment:

(1) In favor of the Plaintiff and against Defendants for each cause of action in an amount which is fair, just, and reasonable, and for compensatory damages;

(2) Granting an injunction enjoining Defendants, its agents, employees, successors, attorneys, and those acting in concert or participation with the Defendant, and at its discretion from engaging in the discriminatory practices and breach of contract.

(3) Awarding Plaintiff compensatory damages and actual damages for each cause of action, contained herein, which the jury should find appropriate as a result of the Defendants' sex discrimination against Plaintiff, breach of contract, conspiracy against Plaintiff, and intentional infliction of emotional distress; including actual damages, mental anguish, pain and suffering, harm to plaintiffs' economic opportunities, any back pay, front pay, travel hardships and travel expenses, and future earnings with cost-of-living adjustments, prejudgment interest, fringe benefits, and awarding punitive damages with respect to Defendants' willful, wanton, and reckless conduct in Plaintiff's employment in violation of the terms of the parties contractual agreement;

(4) Award Plaintiff actual and punitive damages;

(5) Awarding Plaintiff her costs and expenses in this action, including reasonable attorney fees, and other litigation expenses; and

(6) Grant such other costs and further relief as may be just and necessary to afford complete relief to the Plaintiff as this Court may deem just and proper.

Respectfully Submitted,

__s/Donald Gist_____

Donald Gist (13098)
Erica McCrea (103962)
 **GIST LAW FIRM, P.A.**
4400 North Main Street (29203)
Post Office Box 30007
Columbia, South Carolina 29230
Tel. (803) 771-8007
Fax (803) 771-0063
Email: dtommygist@yahoo.com
            ericamccrea.gistlawfirm@gmail.com

February 16, 2024