UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| TIFFANY ANDREWS, | ) | Civil Action No. 4:24-cv-0825-JD-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| CITY OF MYRTLE BEACH, | ) | |
| JONATHAN SIMONS, in his | ) | |
| individual capacity, and KELVIN | ) | |
| WAITES, in his individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## I.  INTRODUCTION

This action arises from Plaintiff's employment with Defendant City of Myrtle Beach (the City).  Plaintiff alleges causes of action for sex discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) et seq., breach of contract, and civil conspiracy. Presently before the Court is Defendants' partial Motion for Judgment on the Pleadings (ECF No. 37) Plaintiff's claims for breach of contract and civil conspiracy.  All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.  This report and recommendation is entered for review by the district judge.

## II.  FACTUAL ALLEGATIONS

Plaintiff is a fifty-year old, black female, who began working for the City on October 31, 2003, as a Sales and Marketing Administrator.  Compl. ¶¶ 4, 6.  Her supervisor is Brian Monroe,

1

a Cauucasian male. Compl. ¶6. On July 3, 2023, Plaintiff applied for the position of Diversity, Equity, and Inclusion (DEI) Officer with the City. Compl. ¶ 8. The position was previously occupied by Defendant Kelvin Waites, a black male, who resigned from the position on June 28, 2023. Compl. ¶ 12.

Plaintiff was successful throughout the application process and was placed among the top candidates for the DEI position, and she believed her qualifications placed her in a strong position to be hired. Compl. ¶¶ 10, 11. Plaintiff was successful in reaching the last stage of the interview process for the DEI position and, on September 28, 2023, after completing the interviews, Plaintiff received an email from Defendant Jonathan Simons asking Plaintiff to meet with him. Compl. ¶ 16. During the meeting, Simons informed Plaintiff that he had rehired Waites for the DEI position and he would return to the position effective October 16, 2023. Compl. ¶ 17. Upon belief, Waites did not follow the established application process to be considered for the position. Compl. ¶ 17. Plaintiff alleges that she did not receive the DEI position because of her sex.

**III.    STANDARD OF REVIEW**

Defendants move to dismiss this action pursuant to Fed.R.Civ.P. 12(c). Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). "The standard of review for Rule 12(c) motions is the same as that under Rule 12(b)(6)." Drager v. PLIVA USA, Inc., 741 F.3d 470, 474 (4th Cir. 2014). Thus, in considering a Rule 12(c) motion, "all of the well pleaded factual allegations in the adversary's pleadings are assumed to be true and all contravening assertions in the movant's pleadings are taken to be false." 5C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1368 (3d ed. 2011).

The United States Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 556 U.S. at 677-78 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir.2003).

**IV.   DISCUSSION**

Defendants move only to dismiss Plaintiff's causes of action for breach of contract against the City and civil conspiracy against Waites and Simons. In her response to Defendants' motion, Plaintiff only addresses Defendants' arguments for dismissal of her civil conspiracy cause of action. She does not dispute Defendants' argument addressing her breach of contract claim "that typical anti-discrimination and anti-retaliation polices found in most employee handbooks are insufficient to form a contract of employment" to support a breach of contract claim. Smith v.

Palmetto Denture Care, P.A., 2018 WL 3611368, at *3 (D.S.C. July 27, 2018). Therefore, dismissal of Plaintiff's breach of contract cause of action is appropriate.

With respect to civil conspiracy, Plaintiff alleges that between June 28, 2023, and September 28, 2023, Simons and Waites planned and conspired with each other to circumvent the City's procedural policies regarding hiring and job postings.  Compl. ¶ 38.  Simons enlisted the help of Waites to obstruct Plaintiff in the hiring process and deny her an opportunity for the listed job posting, and "Waites's involvement through word-of-mouth recruiting further the conspiracy." Compl. ¶ 40.  Simons exceeded the scope of his employment by abusing his supervisory capacity to cause embarrassment, anxiety, and emotional distress to Plaintiff.  Compl. ¶39.  The natural consequence of Simons's and Waites's combined actions caused special damages to Plaintiff, including pecuniary losses, embarrassment, humiliation, pain and suffering, mental anguish, and loss of enjoyment of life.  Compl. ¶41.

Under South Carolina law, "a plaintiff asserting a civil conspiracy claim must establish (1) the combination or agreement of two or more persons, (2) to commit an unlawful act or a lawful act by unlawful means, (3) together with the commission of an overt act in furtherance of the agreement, and (4) damages proximately resulting to the plaintiff." Jinks v. Sea Pines Resort, LLC, No. 9:21-CV-00138-DCN, 2021 WL 4711408, at *3 (D.S.C. Oct. 8, 2021) (citing Paradis v. Charleston Cty. Sch. Dist., 861 S.E.2d 774, 780 (S.C. 2021), (abolishing requirement to plead special damages)). "A claim for civil conspiracy must allege additional acts in furtherance of a conspiracy rather than reallege other claims within the complaint." Hackworth v. Greywood at Hammett, LLC, 385 S.C. 110, 682 S.E.2d 871, 874 (2009); Kuznik v. Bees Ferry Assocs., 538 S.E.2d 15, 21 (S.C. Ct. App. 2001) ("Because [the third party plaintiff] ... merely realleged the

4

prior acts complained of in his other causes of action as a conspiracy action but failed to plead additional facts in furtherance of the conspiracy, he was not entitled to maintain his conspiracy cause of action.").

Defendants argue that Plaintiff cannot sue Simons for conspiring to "circumvent Defendant Myrtle Beach's procedural policies regarding hiring and job postings" because, as City Manager, Simons is specifically empowered by state statute and city ordinance to make all personnel decisions for the City. Specifically, S.C. Code Ann. § 5-13-90(1) provides,

> The manager shall be the chief executive officer and head of the administrative branch of the municipal government. He shall be responsible to the municipal council for the proper administration of all affairs of the municipality and to that end, subject to the provisions of this chapter, he shall:
> (1) Appoint and, when necessary for the good of the municipality, remove any appointive officer or employee of the municipality and fix the salaries of such officers and employees, except as otherwise provided in this chapter or prohibited by law and except as he may authorize the head of a department or office to appoint and remove subordinates in such department or office[.]

City of Myrtle Beach Code of Ordinances Section 2-81(c) states that "Employment, promotions, demotions, discipline, and training are solely within the scope of the manager's responsibilities. The city manager may also make exceptions to or waive the procedures included in the handbook as needed to achieve organizational goals …." (emphasis added).

Defendants argue that because Simons has the authority to make hiring decisions and make exceptions to hiring procedures, he cannot be held liable for conspiring to execute that authority, citing Angus v. Burroughs & Chapin Co., 358 S.C. 498, 596 S.E.2d 67 (S.C. Ct. App. 2004) ("Angus I"), affirmed in relevant part and reversed on unrelated grounds, 368 S.C. 167, 628 S.E.2d 261 (S.C. 2006) ("Angus II").[1] In Angus I, a former county administrator brought a civil

---

[1] In Angus I, the South Carolina Court of Appeals held that the plaintiff could not bring a civil conspiracy claim against council members for her termination because the council had authority to terminate her employment, but she

5

conspiracy action against, among others, the county council members that voted to terminate her employment. The court rejected the claim, finding that council merely exercised its authority in terminating the plaintiff:

> The employment agreement stated on its face that Angus served "at the will" of the Council. Clearly, the council members acted within their authority when they fired Angus and they cannot be sued for doing what they had a right to do.

Id. at 70.  Similarly, in Reed v. Town of Williston, No. 1:08-cv-2451-MBS, 2009 WL 821013 (D.S.C. Mar. 27, 2009), a former town recreation director brought a civil conspiracy action against, among others, the council members who voted for his termination and the town manager who recommended it. The court, relying on Angus I, state law and city ordinance held:

> The public officials acted within the scope of their authority in terminating Plaintiff as Recreation Director. S.C. Code Ann. § 5–11–30; Williston Code of Ord. § 2–1. Thus, the public officials cannot be sued in their individual capacities for exercising this authority.

Id. at *3.

Both of these cases involve claims that the defendants entered into a civil conspiracy to terminate the plaintiffs' employment, and focused primarily on the plaintiffs' at-will status in holding that the employers "cannot be sued for doing what they had a right to do," Angus I, 596 S.E.2d at 69, though Town of Williston also pointed to the relevant statute and ordinance granting the town council the authority to make employment decisions.  The present case, however, does not involve termination.  Rather, Plaintiff alleges that Simons and Waites conspired to circumvent

---

could maintain a civil conspiracy claim against the remaining defendants who were not council members where they conspired to induce the council to fire the plaintiff.  Angus I, 596 S.E.2d at 73.  In Angus II, the South Carolina Supreme Court affirmed the ruling as to the council members but reversed as to the remaining defendants given the plaintiff's role as a public official, stating, "In our democratic society, a public official is answerable to the public; members of the public are not third-party interlopers."  Angus II, 628 S.E.2d at 170.  Outside of affirming the holding in Angus I, the remainder of Angus II is not relevant here.

the City's hiring policies and deny Plaintiff the promotion. This court has held that "the at-will employment doctrine articulated in Angus . . . does not govern actions by employees based on harm other than termination such as isolation and ostracization." Reed v. Aiken County, No. C.A. 1:09-1744-MBS, 2010 WL 2985805, at *3 (D.S.C. July 26, 2010). In Aiken County, the plaintiff alleged that the defendants, the county administrator and the council chairman, engaged in a conspiracy to isolate and ostracize the plaintiff, and cause him special damages, which forced him to resign. Id. The court, in denying the defendants' motion for judgment on the pleadings, held that the holding in Angus I did not preclude all civil conspiracy actions by at-will employees against their employers. Id. Because the plaintiff did not allege that the defendants conspired to terminate his employment, dismissal at the Rule 12 state was not appropriate. Id.; see also Saxton v. Town of Irmo Police Dep't, No. 3:15-cv-1244-JFA, 2016 WL 1178201, at *4 (D.S.C. Mar. 28, 2016) (denying the defendants' motion to dismiss where plaintiff alleged facts to support the claim that defendants harassed him into resigning); James v. Richland County Recreation Comm'n, No. 3:16-CV-1008-MGL-TER, 2016 WL 6892806, at *5 (D.S.C. Nov. 1, 2016), report and recommendation adopted, No. CV 3:16-1008-MGL, 2016 WL 6892165 (D.S.C. Nov. 22, 2016) (holding that allegations that the defendants conspired to cause the plaintiff ostracization, isolation, humiliation, and embarrassment were sufficient to allege a civil conspiracy claim beyond termination).

Likewise, as stated above, Plaintiff does not allege that Simons and Waites conspired to terminate her employment. Defendants seek to extend Angus I's holding that "the council members acted within their authority when they fired [the plaintiff] and they cannot be sued for doing what they had a right to do," 596 S.E.2d at 70, beyond the at-will employment context, to

7

cases where one or more of the defendants acted within his authority in making employment decisions. However, Defendants' reliance on Angus I is misplaced. Courts have not applied the holding in Angus I to bar civil conspiracy claims outside the termination context. Cf. Aiken County, 2010 WL 2985805, *3 ("The Individual Defendants read Angus II to preclude all civil conspiracy actions by at-will employees against their employers. Such a reading of Angus II is overly broad."); Faile v. Lancaster County, S.C., No. CA 0:11-2206-CMC, 2013 WL 786447, at *5 (D.S.C. Mar. 1, 2013) ("The court agrees that all civil conspiracy claims by at-will employees against employers are not barred by Angus I or II.").

Defendants argue that S.C. Code Ann. § 5-13-90(1) and City of Myrtle Beach Code of Ordinances Section 2-81(c) give Simons authority to make employment decisions and to "make exceptions to or waive the procedures included in the handbook as needed to achieve organizational goals" such that Simons cannot be liable for acting within the scope of that authority to circumvent hiring policies and hire Waites instead of promoting Plaintiff. As noted by Plaintiff, it is not necessary for persons to commit an unlawful act to give rise to a civil conspiracy claim.

> The focus of the [civil conspiracy] inquiry is [ ] on the purpose of the agreement; the essential consideration is not whether lawful or unlawful acts or means are employed to further the conspiracy, but whether the primary purpose or object of the combination is to injure the plaintiff. Where, for example, alleged conspirators acted out of a general desire to make a profit rather than to harm the plaintiff, a claim for civil conspiracy cannot lie.

MST, LLC v. N. Am. Land Tr., No. 2:22-CV-00874-DCN, 2023 WL 3571500, at *11 (D.S.C. May 19, 2023) (internal citations and quotations omitted).

Thus, the question is not whether Simons had the authority or the right to circumvent hiring policies, but whether Simons and Waites agreed that Simon would do so to hire Waites to prevent

8

Plaintiff from being hired into the DEI position as well as to cause her embarrassment, anxiety, and emotional distress. Dismissal of Plaintiff's claim for civil conspiracy is not appropriate at this juncture.

## V.     CONCLUSION

For the reasons discussed above, it is recommended that Defendants' partial Motion for Judgment on the Pleadings (ECF No. 37) be granted as to Plaintiff's breach of contract cause of action and denied as to Plaintiff's civil conspiracy cause of action.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

June 13, 2025  
Florence, South Carolina