IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Tiffany Andrews, | ) | Case No.: 4:24-cv-00825-JD-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER AND OPINION |
| City of Myrtle Beach, Jonathan | ) | |
| Simons, in his individual capacity, and | ) | |
| Kelvin Waites, in his individual | ) | |
| capacity, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III, (DE 41) issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report addresses Defendants' partial Motion for Judgment on the Pleadings (DE 37) seeking to dismiss Plaintiff's claims for breach of contract and civil conspiracy.[1]

A.   BACKGROUND

The Report sets forth the relevant facts and legal standards, which the Court incorporates herein. A brief summary is provided for context.

This action arises out of Plaintiff Tiffany Andrews's longstanding employment with Defendant City of Myrtle Beach ("the City") and the City's decision not to promote her to the position of Diversity, Equity, and Inclusion ("DEI") Officer.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff is a fifty-year-old Black female who began working for the City on October 31, 2003, as a Sales and Marketing Administrator under the supervision of Brian Monroe, a Caucasian male. (DE 1, Compl. ¶¶ 4, 6.)

According to the Complaint, Plaintiff's performance throughout her employment was exemplary, and on or about July 3, 2023, after nearly two decades of service, she applied for the DEI Officer position through the City's official hiring procedures following a publicly posted vacancy. (*Id.* ¶¶ 7-9.) The position had been vacated by Defendant Kelvin Waites, who resigned effective June 28, 2023. (*Id.* ¶ 12.) Plaintiff advanced through all stages of the process and became a top candidate, believing her qualifications placed her in a strong position to be selected. (*Id.* ¶¶ 10-11, 15.)

On September 28, 2023, after Plaintiff completed interviews, Defendant Jonathan Simons, the City Manager, requested a meeting with Plaintiff. During this meeting, Simons informed Plaintiff that he had already rehired Waites for the DEI Officer position, effective October 16, 2023, without requiring Waites to participate in the same application process. (DE 1, Compl. ¶¶ 16-17.) Plaintiff left the meeting distressed and shocked by what she perceived as a decision to bypass the City's established hiring process to favor a male candidate. (*Id.* ¶ 18.) Days later, on October 2, 2023, Simons circulated an email to all City employees announcing Waites's reinstatement. (*Id.* ¶ 19.)

Plaintiff subsequently filed this action asserting claims for sex discrimination under Title VII, breach of contract against the City, and civil conspiracy against

2

Simons and Waites. (DE 1.) Defendants moved for partial judgment on the pleadings under Rule 12(c), seeking dismissal of the breach of contract and civil conspiracy claims. (DE 37.)

### B.     REPORT AND RECOMMENDATION

On June 13, 2025, the United States Magistrate Judge issued the Report recommending that the Court grant Defendants' motion to dismiss the breach of contract claim but denying dismissal of the civil conspiracy claim. (DE 41.) Defendants Simons and Waites filed objections, arguing the magistrate judge improperly distinguished *Angus v. Burroughs & Chapin Co.* and related authority based on the decision's context as a non-promotion rather than termination. (DE 43.)

### C.     LEGAL STANDARD

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate

judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D.   PLAINTIFF'S OBJECTIONS

Defendants contend the magistrate judge erred by finding *Angus v. Burroughs & Chapin Co.*, 358 S.C. 498, 596 S.E.2d 67 (Ct. App. 2004) ("*Angus I*"), aff'd, 368 S.C. 167, 628 S.E.2d 261 (2006) ("*Angus II*"), inapplicable merely because Plaintiff's allegations concern a denial of promotion rather than termination. They argue that under *Angus I* and related authorities, such as *Reed v. Town of Williston*, No. 1:08-cv-2451-MBS, 2009 WL 821013 (D.S.C. Mar. 27, 2009), an employment decision made by an official empowered to make such decisions—whether to hire, promote, or terminate—cannot give rise to a conspiracy claim.

This objection is unpersuasive in light of the particular allegations in this case. Plaintiff does not simply allege that Simons made a unilateral employment decision within the scope of his statutory or ordinance-based discretion. Instead, she asserts that between June 28, 2023, and September 28, 2023, Simons and Waites actively conspired to circumvent the City's published job posting and procedural policies by arranging for Waites's return to the DEI Officer position without requiring compliance with the official application and interview process. (DE 1, Compl. ¶¶ 38-40.) Plaintiff specifically alleges that Waites assisted Simons through informal recruiting efforts and that the objective of their agreement was not merely to fill a vacancy, but to deny Plaintiff a fair opportunity to obtain the position, thereby

4

causing her embarrassment, humiliation, anxiety, and other independent harms. (*Id.* ¶¶ 18, 20-21, 38-41.)

Under South Carolina law, a plaintiff may state a claim for civil conspiracy by alleging a combination or agreement of two or more persons to commit an unlawful act or to commit a lawful act by unlawful means, accompanied by overt acts that cause special damages. *See Jinks v. Sea Pines Resort, LLC*, No. 9:21-cv-00138-DCN, 2021 WL 4711408, at *3 (D.S.C. Oct. 8, 2021); *Paradis v. Charleston Cty. Sch. Dist.*, 861 S.E.2d 774, 780 (S.C. 2021). Unlike *Angus I* and *Williston*, where the acts complained of fell squarely within the officials' express statutory authority to terminate at-will employees, the allegations here concern conduct alleged to have intentionally undermined the City's standard hiring procedures for the purpose of inflicting personal harm on Plaintiff, including causing her pecuniary loss, emotional distress, and reputational injury. (DE 1, Compl. ¶¶ 39-41.)

Moreover, as the magistrate judge correctly recognized, courts in this district have refused to apply *Angus I* categorically to bar conspiracy claims by at-will employees outside the context of termination. *See Reed v. Aiken County*, No. 1:09-1744-MBS, 2010 WL 2985805, at *3 (D.S.C. July 26, 2010) (holding *Angus I* did not bar conspiracy claim based on allegations of isolation and ostracization); *Saxton v. Town of Irmo Police Dep't*, No. 3:15-cv-1244-JFA, 2016 WL 1178201, at *4 (D.S.C. Mar. 28, 2016); *James v. Richland County Recreation Comm'n*, No. 3:16-1008-MGL-TER, 2016 WL 6892806, at *5 (D.S.C. Nov. 1, 2016). Given Plaintiff's allegations that Simons and Waites conspired to manipulate the process to her detriment for reasons

5

beyond legitimate administrative objectives, dismissal of the civil conspiracy claim at the pleadings stage is inappropriate. *See MST, LLC v. N. Am. Land Tr.*, No. 2:22-cv-00874-DCN, 2023 WL 3571500, at *11 (D.S.C. May 19, 2023) ("The focus of the inquiry is on the purpose of the agreement... not whether lawful or unlawful acts or means are employed."). Thus, Defendants' objection is overruled.

By contrast, the record demonstrates that Plaintiff did not contest Defendants' argument that the City's general anti-discrimination and anti-retaliation policies, as set forth in typical employee handbooks and internal procedures, did not create an enforceable employment contract under South Carolina law sufficient to support a breach of contract claim (DE 37-1 at 4-5; DE 39.). *See Smith v. Palmetto Denture Care, P.A.*, No. 4:17-cv-1440-RBH-TER, 2018 WL 3611368, at *3 (D.S.C. July 27, 2018). Accordingly, dismissal of Plaintiff's breach of contract cause of action remains warranted.

### E.    CONCLUSION

Accordingly, after a careful and thorough review of the Report and Recommendation and the entire record in this matter, the Court adopts the Report (DE 41) in its entirety and incorporates it herein by reference.

It is, therefore, ORDERED that Defendants' partial Motion for Judgment on the Pleadings (DE 37) is GRANTED as to Plaintiff's breach of contract cause of action, which is hereby DISMISSED WITH PREJUDICE, and Defendants' motion is DENIED as to Plaintiff's civil conspiracy cause of action, which shall proceed.

IT IS SO ORDERED.

Florence, South Carolina
June 30, 2025

Joseph Dawson, III
United States District Judge

NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.