IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| TIFFANY ANDREWS, | ) | Case No. 4:24-cv-0825-JD-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| CITY OF MYRTLE BEACH, | ) | |
| JONATHAN SIMONS, in his | ) | |
| individual capacity, and KELVIN | ) | |
| WAITES, in his individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of the District of South Carolina (DE 61), concerning Defendants' Motion for Summary Judgment (DE 46). Plaintiff asserts a claim for sex discrimination under Title VII of the Civil Rights Act of 1964 arising from her non-selection for the City of Myrtle Beach's Director of Diversity, Equity, and Inclusion position, as well as a state law claim for civil conspiracy.

The Report recommends granting summary judgment as to Plaintiff's Title VII claim and declining to exercise supplemental jurisdiction over the remaining state law claim. (DE 61.) Plaintiff filed a timely objection to the Report (DE 62), Defendants also filed an objection (DE 63), and the parties submitted replies to those objections (DE 64; DE 65). Accordingly, the matter is ripe for review.

1

## I.    BACKGROUND

The Report sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. In any event, the Court provides this summary as a brief background.

### A.    Factual Background

Plaintiff Tiffany Andrews ("Plaintiff" or "Andrews") is employed by the Myrtle Beach Convention Center, which is owned and operated by Defendant City of Myrtle Beach (the "City"). Plaintiff began working for the Convention Center in 2003 as an events coordinator and later became the sales and marketing administrator, a position she continues to hold. (DE 46-3.)

In January 2022, Defendant Kelvin Waites ("Waites") was hired as the City's first Director of Diversity, Equity, and Inclusion ("DEI Officer"), reporting directly to Defendant Jonathan Simons ("Simons"). (DE 46-4; DE 46-13.) Waites developed the DEI position from its inception and served in that role until June 2023, when he resigned to accept employment elsewhere. (*Id.*)

Following Waites's departure, the City posted the DEI Officer position in June 2023. Plaintiff applied for the position in July 2023 and was interviewed by a panel as part of the selection process. The interview panel considered multiple applicants and ultimately identified two finalists: Plaintiff and another candidate, Johnetta Greene. Panel members expressed concerns regarding Plaintiff's experience in the DEI field and noted that her professional background was primarily in sales and marketing. (DE 46-5; DE 46-6.)

2

Before the City selected a candidate from the interview process, Waites contacted Simons and expressed interest in returning to the DEI Officer position. After submitting an application, Waites was rehired by the City for the position. Plaintiff contends that the decision to rehire Waites rather than select one of the interviewed candidates was discriminatory.

**B.    Procedural Posture**

Plaintiff initiated this action on February 16, 2024, asserting claims for sex discrimination in violation of Title VII of the Civil Rights Act of 1964, breach of contract, and civil conspiracy. (DE 1.) Defendants moved for judgment on the pleadings as to the breach of contract and civil conspiracy claims. By prior Order, the Court dismissed the breach of contract claim but allowed the civil conspiracy claim to proceed. (DE 45.) Following discovery, Defendants moved for summary judgment on the remaining claims. (DE 46.) Plaintiff filed a response in opposition (DE 51), and Defendants filed a reply (DE 58).

## II.    REPORT AND RECOMMENDATION

On January 12, 2026, the Magistrate Judge issued the Report recommending that Defendants' motion for summary judgment be granted as to Plaintiff's Title VII claim and that the Court decline to exercise supplemental jurisdiction over the remaining civil conspiracy claim. (DE 61.)

For purposes of the analysis, the Magistrate Judge assumed that Plaintiff could establish a prima facie case of discrimination and proceeded to evaluate the claim under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). The Report concludes that Defendants articulated

legitimate, nondiscriminatory reasons for Plaintiff's non-selection for the Director of Diversity, Equity, and Inclusion position, including Defendant Waites's prior experience in the role and the City's determination that he was the most qualified candidate to perform the duties of that position. (*Id.* at 9–11.)

The Report further finds that Plaintiff failed to present evidence from which a reasonable jury could conclude that Defendants' stated reasons were pretextual or that gender discrimination motivated the hiring decision. (*Id.*) In particular, the Magistrate Judge noted that Plaintiff had not previously worked in a DEI office and that the record reflected concerns from members of the interview panel regarding Plaintiff's qualifications and experience for the position. (*Id.*) Accordingly, the Magistrate Judge recommends granting summary judgment in favor of Defendants on Plaintiff's Title VII claim.

Because the Report recommends dismissal of Plaintiff's sole federal claim, the Magistrate Judge further recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claim for civil conspiracy and dismiss that claim without prejudice. (*Id.* at 11–12.)

### III.    LEGAL STANDARD

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule,

explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## IV.    OBJECTIONS

Both parties filed objections to the Report. Plaintiff objects to the Magistrate Judge's recommendation that summary judgment be granted on her Title VII claim (DE 62), while Defendants object to the recommendation that the Court decline to exercise supplemental jurisdiction over the remaining civil conspiracy claim (DE 63).

## A.    Plaintiff's Objection – Title VII Claim

Plaintiff first objects to the Magistrate Judge's conclusion that she failed to produce sufficient evidence of sex discrimination to survive summary judgment. (DE 62 at 5.) Plaintiff argues that the record presents genuine issues of material fact regarding whether Defendants' stated reasons for her non-selection were pretextual. Specifically, Plaintiff contends that the Magistrate Judge erred in concluding that Defendant Waites was the most qualified candidate and asserts that she possessed greater experience relevant to the DEI position. Specifically, Plaintiff argues:

> Plaintiff, along with other qualified female applicants, including Johnetta Greene, were denied a fair and impartial application process as a result of the concerted actions of Defendants Simmons and Waites to circumvent established company policies in order to reinstate Defendant Waites to the position of Director of Diversity, Equity, and

> Inclusion. Defendant Waites was placed into the position without being required to participate in the formal application or interview process mandated for female applicants, including Plaintiff.

(DE 62 at 8.) Therefore, Plaintiff contends there are genuine issues of material fact that should be presented to the jury.

After careful review of the record, the Court agrees with the Magistrate Judge's analysis. As the Report correctly recognizes, even assuming Plaintiff could establish a prima facie case of discrimination, Defendants have articulated legitimate, nondiscriminatory reasons for the hiring decision. These include Defendant Waites's prior experience serving as the City's DEI Officer and Defendants' determination that he was best suited to perform the duties of the position. The burden, therefore, shifts to Plaintiff to demonstrate that those reasons were a pretext for unlawful discrimination.

Plaintiff argues that pretext can be inferred because Waites "did not go through the same interviewing process as the other interviewees who were also finalists and women." (DE 62 at 7.) However, the mere fact that Waites was rehired without participating in the same interview process does not, standing alone, demonstrate discriminatory intent.

Plaintiff also argues that Defendants deviated from the City's normal hiring procedures by rehiring Waites without requiring him to participate in the interview process that Plaintiff and other candidates completed. Even assuming this constitutes a deviation from internal procedures, the Fourth Circuit has repeatedly held that evidence of procedural irregularities, without more, does not establish that

6

an employer's decision was motivated by unlawful discrimination. *See Vaughan v. Metrahealth Cos.*, 145 F.3d 197, 203 (4th Cir. 1998). The record reflects that Simons had direct knowledge of Waites's prior performance in the DEI role and chose to rehire him based on that experience. Plaintiff has produced no evidence linking the alleged procedural deviation to her gender. As the Magistrate Judge explained, the record reflects that Simons was already familiar with Waites's performance in the role and believed he had performed well during his prior tenure as DEI Officer. (DE 61.)

Plaintiff also contends that she possessed substantial DEI-related experience and was at least as qualified as Waites. However, Plaintiff's disagreement with Defendants' assessment of her qualifications does not establish that the proffered reasons for the hiring decision were pretextual. The record reflects that Plaintiff had not previously worked in a DEI office and that members of the interview panel expressed concerns regarding her experience and qualifications for the position. (DE 61.)

In sum, Plaintiff's objections largely reiterate the arguments raised in her summary judgment briefing and do not identify evidence from which a reasonable jury could conclude that Defendants' stated reasons for the hiring decision were pretextual or that gender discrimination motivated the decision. Accordingly, Plaintiff's objection is overruled.

**B.     Defendants' Objection – Civil Conspiracy Claim**

Defendants object to the Magistrate Judge's recommendation that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claim for civil conspiracy. Defendants argue that the Court should instead dismiss the claim on the merits because Plaintiff allegedly abandoned it during summary judgment briefing. Defendants contend that whether Plaintiff abandoned her civil conspiracy "claim is solely a matter of federal law and can be decided by this court without offending *Gibbs*[.]" (DE 63 at 1.)

The Court is not persuaded that the Report erred in recommending dismissal of the claim without prejudice. Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction." The Fourth Circuit has repeatedly recognized that when federal claims are dismissed prior to trial, the balance of factors—judicial economy, convenience, fairness, and comity—generally favors declining to exercise jurisdiction over any remaining state law claims.

Here, because the Court grants summary judgment on Plaintiff's Title VII claim, no federal claims remain in this action. The remaining civil conspiracy claim arises solely under state law. Under these circumstances, the Court agrees with the Magistrate Judge that the more appropriate course is to decline to exercise supplemental jurisdiction and allow the parties to litigate any remaining state law issues in state court.

Accordingly, Defendants' objection is also overruled.

8

## V.    CONCLUSION

Accordingly, after a thorough review of the Report and Recommendation, the parties' objections, the record, and the applicable law, the Court overrules Plaintiff's objections (DE 62) and Defendants' objections (DE 63) and adopts the Report (DE 61) in its entirety and incorporates it herein by reference. Defendants' Motion for Summary Judgment (DE 46) is granted as to Plaintiff's claim for sex discrimination under Title VII. Because no federal claims remain, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claim for civil conspiracy, and that claim is dismissed without prejudice.

**IT IS SO ORDERED**.

Florence, South Carolina
March 10, 2026

Joseph Dawson, III
United States District Judge

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.